# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 4028 | **DATE** | 9/26/2001 |
| **CASE TITLE** | Kim A. Schmitt,etal vs. Sandra L. Schmitt | | |

**MOTION:**  [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order: Defendant's motion to dismiss for lack of subject matter jurisdiction (8-1) is granted. Mr. Schmitt, CBC Bricks, and their attorneys, Mr. Gerard C. Smetana and Mr. Dennis G. Taheny, are hereby ordered to show cause why they should not be assessed sanctions under FRCP 11(b)(1)-(2) or attorneys fees under 42 USC 1988(b). They should respond to this show cause order on or before 10/8/01. Mrs. Schmitt should reply on or before 10/23/01. Respondents may respond on or before 10/30/01. Any pending motions are moot. The status and ruling date of 9/28/01 is stricken. The Court retains jurisdiction solely for the purpose of resolving the issues of sanctions.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | SEP 26 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | _mu_ docketing deputy initials | 30 |
| | Mail AO 450 form. | | 9/26/2001 | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| GL | courtroom deputy's initials | FILED FOR DOCKETING 01 SEP 26 Am 10: 32 Date/time received in central Clerk's Office | GL mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED

SEP 2 6 2001

KIM A. SCHMITT and CBC BRICKS, INC.,    )
    )
    Plaintiffs,    )
    )
    v.    )    No. 01 C 4028
    )
SANDRA L. SCHMITT,    )
    )
    Defendant.    )

<u>MEMORANDUM OPINION AND ORDER</u>

MARVIN E. ASPEN, Chief Judge:

    Defendant Sandra L. Schmitt ("Mrs. Schmitt") brought divorce proceedings in Illinois state court against her husband, Kim A. Schmitt ("Mr. Schmitt"). The state trial court entered preliminary orders awarding Mrs. Schmitt substantial monthly maintenance fees and enjoining Mr. Schmitt and his various business entities, including CBC Bricks, Inc. ("CBC Bricks"), from disposing of assets. At both the state trial and appellate court levels, Mr. Schmitt and CBC Bricks argued that the Illinois state courts did not have personal jurisdiction over them because, among other reasons, the method of service of process employed by Mrs. Schmitt violated their right to due process. After the state courts rejected this claim, Mr. Schmitt and CBC Bricks filed this complaint in federal court under 42 U.S.C. § 1983, alleging violations of their right to due process and seeking a declaratory judgment that all state court orders previously entered were thereby void ab *initio*. Mrs. Schmitt filed a motion to dismiss for lack of subject matter jurisdiction. For the following reasons, we grant Mrs. Schmitt's motion.

<u>FACTUAL BACKGROUND</u>

    Because the tortured procedural history of this nasty divorce is relevant to the ultimate outcome in this case, a detailed summary is required. On February 4, 2000, Mrs. Schmitt filed for divorce in Illinois state court. Claiming that she was unable to obtain personal service of process upon her husband, Mrs. Schmitt moved under 735 Ill. Comp. Stat. Ann. 5/2-203.1 for service of process by

special order of the court. Judge Patricia Piper Golden granted the motion on July 13, 2000. Pursuant to 735 Ill. Comp. Stat. Ann. 5/2-202, Mrs. Schmitt then used Terry Vincent, a licensed private detective, to serve process upon three parties approved by the court: Catherine Boness,[1] Stephen Sullivan,[2] and the law firm Pankratz, Riffner, & Scott.[3]

On August 1, 2000, Mr. Schmitt filed a motion contesting service of process, alleging that Mrs. Schmitt's motion for substitute service of process was a "fraud on the court designed to disenfranchise respondent and prevent him from exercising his rights to procedural and substantive due process." Judge Golden denied this motion. On August 2, 2000, Judge Golden issued two preliminary orders: the first required Mr. Schmitt to pay Mrs. Schmitt various amounts for maintenance, landscaping, travel, and attorneys' fees, and the second enjoined Mr. Schmitt and various of his business entities, including Bricks and CBC Bricks, from disposing of any assets without prior written notice to Mrs. Schmitt and her attorneys. Mr. Schmitt then filed an interlocutory appeal to the Illinois appellate court, claiming that Judge Golden's orders were void because the method of service of process did not satisfy due process requirements. On April 27, 2001, the appellate court held that the method of service of process employed in this case was constitutionally permissible. See *In re Marriage of Sandra L. Schmitt*, No. 2-00-0925 (Ill. App. Ct. 2 Dist.). On May 22, 2001, the appellate court denied Mr. Schmitt's petition for a rehearing and refused his request to stay the trial court proceedings.[4]

Meanwhile, Bricks and CBC Bricks filed their own motions with Judge Golden. On May 8, 2001, CBC Bricks filed a motion objecting to the trial court's jurisdiction, and on May 24, 2001, Bricks

---

[1]Ms. Boness is an employee of Bricks, Inc ("Bricks"). Mr. Schmitt admits that he owns Bricks. Third Amend. Compl. ¶ 29.

[2]Mr. Sullivan is an attorney who had previously represented Mr. Schmitt in an unrelated matter.

[3]This law firm had previously represented Mr. Schmitt in an unrelated matter.

[4]On June 26, 2001, Mr. Schmitt filed a petition for leave to appeal this decision to the Illinois Supreme Court. See *Sandra L. Schmitt v. Kim A. Schmitt*, No. 91822 (Ill.). The Supreme Court has not yet acted upon Mr. Schmitt's petition; the Clerk anticipates a decision in the first week of October. We note that Mr. Schmitt failed to inform us of this petition.

moved for a substitution of judges.[5]  Judge Golden denied both motions, reaffirming her continuing

jurisdiction over both Bricks and CBC Bricks.  Both companies then filed interlocutory appeals which

the state appellate court dismissed on July 18, 2001.  See *In re Marriage of Sandra L. Schmitt*,

No. 2-01-0565 (Ill. App. Ct. 2 Dist.) (Bricks); No. 2-01-0566 (Ill. App. Ct. 2 Dist.) (CBC Bricks).  We do

not know if Bricks or CBC Bricks has asked the Illinois Supreme Court to review these decisions.

Finally, on May 31, 2001, Mr. Schmitt and CBC Bricks ("Plaintiffs") filed in federal court the

complaint at issue today.[6]  Although Plaintiffs' third amended complaint is not a model of clarity, we

have discerned the following:  Plaintiffs claim that the Illinois statute providing for service of process

by special order of the court[7] is unconstitutionally vague in that several words and phrases in the

statute (e.g., "impractical," "diligent inquiry," "reasonable efforts," and "comparable method of service")

---

[5]We note that both companies were represented in the state court proceedings by the same attorney, Dennis G. Taheny.

[6]On June 1, 2001, Mr. Schmitt also filed with Judge Plunkett of the Northern District a petition to remove his divorce proceedings from state to federal court.  On June 7, 2001, we stayed Plaintiffs' motion to transfer and consolidate the two federal court cases pending Judge Plunkett's ruling on Mrs. Schmitt's motion to remand the divorce proceedings to state court.  On June 28, 2001, Judge Plunkett held that there was no federal jurisdiction over this matter and remanded the divorce proceedings to Illinois state court.  Judge Plunkett, although aware of the pending § 1983 action, did not consider it in deciding whether there was federal jurisdiction over the divorce proceedings.  On July 5, 2001, Mr. Schmitt filed a notice of appeal with the Seventh Circuit Court of Appeals, and five days later the Seventh Circuit issued an order requiring Mr. Schmitt to file a memorandum stating why the appeal should not be dismissed for lack of jurisdiction.  The Seventh Circuit noted, "A district court order remanding a case to state court based on the absence of subject matter jurisdiction is beyond all power of appellate review, whether or not the decision is correct....In the present case, it appears that the district court remanded this case to state court based on the absence of subject matter jurisdiction." *Schmitt v. Schmitt*, No. 01-2782, July 10, 2001 (internal citations omitted).  To our knowledge, Mr. Schmitt has yet to file this memorandum.

[7]The statute reads as follows:
Service by special order of the court.  If service upon an individual defendant is impractical under items (1) and (2) of subsection (a) of Section 2-203, the plaintiff may move, without notice, that the court enter an order directing a comparable method of service.  The motion shall be accompanied by an affidavit stating the nature and extent of the investigation made to determine the whereabouts of the defendant and the reasons why service is impractical under items (1) and (2) of subsection (a) of Section 2-203, including a specific statement showing that a diligent inquiry as to the location of the individual defendant was made and reasonable efforts to make service have been unsuccessful.  The court may order service to be made in any manner consistent with due process.
735 Ill. Comp. Stat. Ann. 5/2-203.1.

are not explicitly defined. Plaintiffs maintain that Mrs. Schmitt relied on this unconstitutionally vague statute to obtain an order for substitute service of process from the state trial court, and then used either the Kane County sheriff or Terry Vincent, a licensed private detective, to serve process upon the three parties named in the order. Plaintiffs contend that in using a sheriff or licensed private detective to serve process pursuant to an unconstitutionally vague statute, Mrs. Schmitt engaged in state action which ultimately deprived Plaintiffs of their right to due process. Plaintiffs seek to undo the effects of this deprivation by filing a complaint under 42 U.S.C. § 1983 asking for a declaratory judgment that the state trial court did not have personal jurisdiction over them and that all orders entered by that court are therefore void.[8]

Mrs. Schmitt moved pursuant to Fed.R.Civ.P. 12(b)(1) to dismiss the complaint for lack of subject matter jurisdiction, arguing that the *Rooker-Feldman* doctrine precludes this Court from considering Plaintiffs' due process claim. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). For the reasons offered below, we grant her motion to dismiss.


DISCUSSION

We lack subject matter jurisdiction over Plaintiffs' complaint for several reasons, only two of which we need address here.[9] First, the complaint is completely without merit, and under the so-called "substantiality doctrine," federal district courts do not have subject matter jurisdiction over frivolous complaints. Second, the complaint is essentially an attempt to appeal several adverse state court

---

[8]CBC Bricks also alleges that Judge Golden's denial of their motion contesting jurisdiction on May 24, 2001 was itself invalid because, although the appellate court had by this time affirmed her previous jurisdictional rulings, the appellate court "had not yet issued its mandate at the time Judge Golden issued her...order." Third Amend. Compl. ¶¶ 50, 51. CBC Bricks cites no authority for this proposition, and we can find none, so we will not consider it further.

[9]We considered additional grounds for dismissing this complaint. For example, the Seventh Circuit, citing Pennzoil *Co. v. Texaco Inc.*, 481 U.S. 1 (1987), has avoided problematic applications of the Rooker-Feldman doctrine by abstaining in favor of ongoing state litigation. *See Owens-Corning Fiberglas Corp. v. Moran*, 959 F.2d 634, 635-36 (7th Cir. 1992); Lynk *v. LaPorte Superior Court No. 2*, 789 F.2d 554, 563-566 (7th Cir. 1986). Because we believe the substantiality doctrine and the Rooker-Feldman doctrine are each sufficient grounds to dismiss the complaint, we will not consider this additional argument.

decisions, but the Rooker-Feldman doctrine generally precludes federal district courts from reviewing state court judgments.[10]

## A.  Standard of Review

In deciding a motion to dismiss for lack of subject matter jurisdiction, we accept as true all well-pled factual allegations and draw all reasonable inferences in favor of the plaintiff.  *Long v. Shorebank Development Corp.*, 182 F.3d 548, 554 (7th Cir. 1999).  We may, however, consider evidence submitted beyond the complaint in determining whether we have subject matter jurisdiction. Grafon Corp. v. Hausermann, 602 F.2d 781, 783 (7th Cir.1979).

## B.  The Substantiality Doctrine

Before entertaining a federal claim, a district court must determine whether the merits are "sufficiently substantial to engage the subject matter jurisdiction of the court."  Gammon v. GC *Services L.P.*, 27 F.3d 1254, 1256 (7th Cir. 1994).  If the federal claim is either "immaterial and made solely for the purpose of obtaining jurisdiction" or "wholly insubstantial and frivolous," a court must dismiss the claim for lack of subject matter jurisdiction. *Ricketts v. Midwest National Bank*, 874 F.2d 1177, 1180 (7th Cir. 1989) (quoting Bell *v. Hood*, 327 U.S. 678, 682-83 (1946)).  In this case, Plaintiffs allege that in using a sheriff or licensed private detective to serve process pursuant to an unconstitutionally vague statute, Mrs. Schmitt engaged in state action which ultimately deprived Plaintiffs of their constitutional right to due process.  In order to prevail under 42 U.S.C. § 1983, Plaintiffs must show that:  1) Mrs. Schmitt deprived them of a right secured by the Constitution or federal law; and 2) Mrs. Schmitt was acting under color of state law. *See Fries v. Helsper*, 146 F.3d 452, 457 (7th Cir. 1998).  Plaintiffs' attempt to satisfy the first element is frivolous and made solely for the purpose of obtaining federal jurisdiction.

The deprivation of due process of which Plaintiffs complain derives from their argument that

---

[10]Although either one of these reasons is sufficient to dismiss the complaint, given Plaintiffs' proclivity to appeal adverse judgments, we felt it wise to offer multiple grounds for this decision.

the Illinois statute providing for service of process by special order of the court is unconstitutionally vague. This argument, however, is clearly frivolous.[11] "The constitutional concept of vagueness is successfully invoked only in cases in which a vague statutory term either has an in *terrorem* effect or licenses uncabined discretion by policy or other public officers, thus inviting abuse." *L C & S, Inc. v. Warren County Area Plan Comm'n*, 244 F.3d 601, 605 (7th Cir. 2001). The Illinois statute neither imposes criminal nor civil penalties nor licenses uncabined discretion by public officials, so application of the void-for-vagueness doctrine is inappropriate. Plaintiffs's § 1983 claim is meritless.

While we recognize that a court should dismiss a complaint on substantiality grounds only in "extraordinary circumstances," *id.* at 1182, in our view, this is just such a circumstance. Plaintiffs brought this frivolous complaint because they were unhappy with the direction of divorce proceedings in state court. Plaintiffs are particularly upset with the state trial court judge; for example, in its portion of the complaint, CBC Bricks complains that "Judge Golden engaged in a reckless act by issuing the Order of May 24 causing irreparable injury to CBC Bricks Inc. which on its face was an act of such gross bias and prejudice in favor of Sandra L. Schmitt as to make Judge Golden a co-actor in the deprivation of CBC's Fourteenth Amendment due process and Fifth Amendment property rights." Third Amend. Compl. ¶ 52. Disappointed with the direction of the state court proceedings, Plaintiffs have filed suit against Mrs. Schmitt in an attempt to end run the state courts. Indeed, this fact is clear from Plaintiffs' failed attempt to remove the divorce proceedings from state to federal court. The substantiality doctrine,

---

[11]Indeed, even if the statute were unconstitutional, there is reason to doubt whether Plaintiffs have yet suffered the deprivation of a federally-protected right necessary for a § 1983 claim. Where the source of the alleged injury is an adverse state court ruling (and, arguably, the real injury here is the state court decisions authorizing substitute service of process and asserting personal jurisdiction over Plaintiffs), no deprivation has occurred until the state court judgment has become final. *See Lynk v. LaPorte Superior Court No. 2*, 789 F.2d at 560 (citing *Brown v. Brienen*, 722 F.2d 360, 366 (7th Cir. 1983)). Therefore, while a state court action is in progress, whether at the trial or appellate level, a federal challenge to any state court ruling is premature. In this case, concurrent with their federal litigation, Plaintiffs have pursued appeals in the Illinois state courts on the issue of personal jurisdiction. Mr. Schmitt currently has pending before the Supreme Court of Illinois a petition for leave to appeal the state appellate court's decision rejecting his challenge to service of process. *See Schmitt v. Schmitt*, No. 91822 (Ill.). CBC Bricks recently lost an interlocutory appeal challenging personal jurisdiction and we do not know if it has petitioned the state supreme court for review. See In re *Marriage of Sandra L. Schmitt*, No. 2-01-0566 (Ill. App. Ct. 2 Dist.). To the extent that these appeals have not yet become final judgments, Plaintiffs have not yet suffered the deprivation necessary to support a § 1983 claim.

however, "retards efforts by plaintiffs to recast what are really state-law claims as federal claims." Crowley *Cutlery Co. v. United States*, 849 F.2d 273, 277 (7th Cir. 1988). Because Plaintiffs' complaint is frivolous and made solely for the purpose of obtaining federal jurisdiction, this Court must dismiss the complaint for lack of subject matter jurisdiction.

## C. The Rooker-Feldman Doctrine

Although the substantiality doctrine provides sufficient grounds to dismiss this complaint, we will also address Defendant's argument that the Rooker-Feldman doctrine precludes federal subject matter jurisdiction in this case. The *Rooker-Feldman* doctrine generally prohibits federal district courts from engaging in appellate review of state court decisions.[12] M*anley v. City of Chicago*, 236 F.3d 392, 396 (7th Cir. 2001). The doctrine is a negative inference drawn from the fact that federal district courts are courts of original jurisdiction. *See* 28 U.S.C. § 1331. As such, they lack the power to hear "'challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional.'" Y*oung v. Murphy*, 90 F.3d 1225, 1230 (7th Cir. 1996) (quoting District of Columbia Court of Appeals v. Feldman, 460 U.S. at 486). Under 28 U.S.C. § 1257, only the Supreme Court has appellate jurisdiction over the decisions of state courts, Garry v. Geils, 82 F.3d at 1365, so "litigants who feel a state proceeding has violated their constitutional rights must appeal that decision through their state courts and thence to the Supreme Court." Young v. Murphy, 90 F.3d at 1230.

The Rooker-Feldman doctrine precludes federal jurisdiction in this case. Plaintiffs brought constitutional challenges to personal jurisdiction in the state courts and lost at both the trial and appellate court levels.[13] A state court decision "precludes parties from raising in federal district court claims that were reviewed by the state court." Leaf v. Supreme Court of Wisconsin, 979 F.2d

---

[12]One exception to this general rule is habeas corpus – under 28 U.S.C. § 2241, lower federal courts are specifically authorized to engage in collateral review of state court judgments. *Garry v. Geils*, 82 F.3d 1362, 1365 n4 (7th Cir. 1996).

[13]Indeed, in its portion of the complaint, CBC Bricks admits that it "has attempted without success to utilize the state courts to challenge the constitutional deprivation contained in the Order of May 24, 2001 issued by Judge Golden." Third Amend. Compl. ¶ 58.

589, 598 (7th Cir. 1992). Plaintiffs challenged the constitutionality of service of process in the state courts, and they lost. In this situation, Plaintiffs have only one further recourse – appeal to the Illinois Supreme Court and then to the United States Supreme Court. Plaintiffs may not, however, appeal this decision to the lower federal courts.

Plaintiffs maintain that application of Rooker-Feldman is inappropriate in this case for several reasons. First, Plaintiffs argue that *Rooker-Feldman* applies only to final judgments by state courts and, in this case, no final judgment has been entered. Indeed, it appears that Plaintiffs may not yet have obtained from the Illinois state courts a final judgment on the merits of their personal jurisdiction claims.[14] However, the Seventh Circuit has twice refused to decide the issue of whether the *Rooker-Feldman* doctrine applies where a state court has not yet entered a final judgment. *See Owens-Corning Fiberglass Corp. v. Moran*, 959 F.2d 634, 635 (7th Cir. 1992); Hoover *v. Wagner*, 47 F.3d 845, 849 (7th Cir. 1995).[15] Other circuits have split on this issue. *Compare Port Auth. Police Benevolent Ass'n v. Port Auth.*, 973 F.2d 169, 178 (3rd Cir. 1992) (Rooker-Feldman applies to state lower courts decisions) and Keene *Corp. v. Cass*, 908 F.2d 293 (8th Cir. 1990) (Rooker-*Feldman* applies to interlocutory appeals of state lower court decisions), with *In re Meyerland Co.*, 960 F.2d 512, 516 (5th Cir. 1992) (en banc) (Rooker-Feldman applies only to final judgments by state courts of last resort). We believe that the reasoning behind the *Rooker-Feldman* doctrine applies equally well to both final judgments of state supreme courts and decisions by lower state courts. Where a party has a reasonable opportunity to present its constitutional challenges to state appellate

---

[14]Mr. Schmitt has an interlocutory appeal pending before the Illinois Supreme Court on this issue; a similar appeal by CBC Bricks was dismissed by the Illinois Appellate Court, and we do not know if CBC Bricks has appealed this decision to the Illinois Supreme Court. Furthermore, to our knowledge the trial court has not yet entered a final judgment in the underlying divorce proceedings. We note that Mr. Schmitt and CBC Bricks failed to inform this Court of its pending state court litigation when they filed this complaint. This pending litigation was obviously relevant to this case and should have been disclosed.

[15]The Owens-Corning court suggested that the Seventh Circuit's decision in Lynk *v. LaPorte Superior Court No. 2*, 789 F.2d 554 (7th Cir. 1986), implied that Rooker-Feldman does not apply to interlocutory appeals. O*wens-Corning*, 959 F.2d at 635. Nevertheless, Judge Posner, the author of the opinion in Lynk, later acknowledged that the "application of the [Rooker-Feldman] doctrine to interlocutory decisions of state courts...is an open question." H*oover v. Wagner*, 47 F.3d at 849 (citing Owens-Corning).

8

courts and ultimately to the United States Supreme Court, interlocutory appeal to the lower federal courts would be inappropriate.

Second, Plaintiffs claim that Rooker-Feldman applies only to those who were parties to the state court proceeding, and neither Mr. Schmitt nor CBC Bricks were parties. With respect to Mr. Schmitt, this argument is frivolous – he was named in the original state court divorce action and therefore was obviously a party to it, notwithstanding his claim that lack of personal jurisdiction defeats his status as a party. *See Chase Nat. Bank of City of New York v. Citizens Gas Co. of Indianapolis*, 96 F.2d 363, 366 (7th Cir. 1938) (defendant is a proper party if named as a party to the suit). CBC Bricks, on the other hand, was not named as a party in the original state court action, so its claim deserves closer attention. The Seventh Circuit has held that R*ooker-Feldman* "ordinarily" does not apply to federal plaintiffs who were not parties to the state court proceedings. H*oover v. Wagner*, 47 F.3d at 849. B*ut see T.W. and M.W. v. Brophy*, 124 F.3d 893 (7th Cir. 1997) (Rooker-Feldman bars federal challenge to state court child custody decision even though the federal plaintiffs, the children, were not technically parties to the state court proceedings). CBC Bricks, however, was clearly a party to this action.[16] Indeed, in their own complaint, Plaintiffs characterize a May 30, 2000 order by Judge Golden as granting Mrs. Schmitt "leave to add as a*dditional Defendants* business entities and individuals as 'Respondents in Discovery.'" Third Amend. Compl. ¶ 12 (emphasis added). The Supreme Court has defined "parties" to include "'all persons having a right to control the proceedings to make defense, to adduce and cross-examine witnesses, and to appeal from the decision, if an appeal lies.'" Green v. Bogue, 158 U.S. 478, 503 (1895) (quoting 1 Greenleaf *Ev.* § 535). S*ee also Webb v. Willett Co.*, 33 N.E.2d 636, 640-41 (Ill. App. Ct. 1941) (quoting Greenleaf and citing Green *v. Bogue* approvingly); Black's *Law Dictionary* 1122 (6th ed. 1990) (a party is a "person concerned or having or taking part in any affair, matter, transaction, or proceeding, considered individually"). CBC Bricks was served with process and given the opportunity

---

[16]Mrs. Schmitt alleges that CBC Bricks is owned or controlled by Mr. Schmitt, and the state trial court has agreed. CBC Bricks (but not Mr. Schmitt) denies that Mr. Schmitt is the owner or alter ego of CBC Bricks, claiming instead that the owner is Lois Schmitt – who just happens to be Mr. Schmitt's mother. Third Amend. Compl. ¶¶ 47, 49, 53.

to participate in the divorce proceedings that resulted in the court order against it; CBC Bricks did in fact participate by challenging personal jurisdiction; CBC Bricks was then allowed to appeal the lower court's decision. Although not named in the original divorce complaint, CBC Bricks was a party to the action.

Third, Plaintiffs argue that where the state courts do not have personal or subject matter jurisdiction, state court judgments are void ab *initio* and Rooker-Feldman does not apply. Several circuit courts have recognized this exception to the Rooker-Feldman doctrine. *See In re James*, 940 F.2d 46, 52 (3rd Cir. 1991) (federal court may review state court judgment where state court lacked personal or subject matter jurisdiction); *In re Gruntz*, 202 F.3d 1074 (Rooker-Feldman does not bar lower federal court review of state court judgments violating the automatic stay). B*ut see In re Ferren*, 203 F.3d 559, 560 (8th Cir. 2000) (declining to create void a*b initio* exception to Rooker-*Feldman* but noting split among bankruptcy appellate panels). The Seventh Circuit has acknowledged the existence of this exception but has not endorsed it. See 4901 *Corp. v. Cicero*, 220 F.3d 522, 528 n6 (7th Cir. 2000) (citing In *re James* without approval). To our knowledge, however, this exception has only been recognized in bankruptcy cases where state court actions have violated the automatic stay; the exception allows federal bankruptcy courts to declare state court actions violating the automatic stay void, thereby preserving the preeminent federal role in bankruptcy proceedings. In the present context, this exception does not apply. Whether a state court has personal jurisdiction over a defendant is a matter of state law, with important federal constitutional limitations. A state court, however, is perfectly well-qualified to decide whether service of process has passed constitutional muster. *See Garry v. Geils*, 82 F.3d at 1369 n13 ("Under the principles of comity and federalism, we cannot and will not assume that the plaintiffs' constitutional claims would be treated any differently by the courts of Illinois than by a federal court"). Since it would be inappropriate for a federal court to second-guess the constitutional judgments of state courts, we decline to recognize a "void ab *initio*" exception to the Rooker-Feldman doctrine in these specific circumstances.

Because Plaintiffs' constitutional claims were addressed by the state courts, the R*ooker-Feldman* doctrine requires us to dismiss their complaint for lack of subject matter jurisdiction.

## D. Sanctions

It is clear to us that Plaintiffs brought this frivolous complaint in order to delay the state court divorce proceedings, to harass Mrs. Schmitt, and to impose increased legal costs upon her. In such circumstances, sanctions against both the offending parties and their lawyers may be appropriate. *See* Fed.R.Civ.P. 11(b)(1)-(2) (in submitting pleading to the court, attorney represents that it is not being used for "improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation" and that the claims therein are "warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law"); Fed.R.Civ.P. 11(c) (court may impose sanctions against attorneys or parties for violations of 11(b)). Furthermore, under 42 U.S.C. § 1988(b), the prevailing defendant may be awarded attorneys' fees if the plaintiff's claim was "'frivolous, unreasonable, or groundless.'" Hershinow v. Bonamarte, 772 F.2d 394, 395 (quoting Christianburg *Garment Co. v. Equal Employment Opportunity Comm'n*, 434 U.S. 412, 422 (1978)). Mr. Schmitt, CBC Bricks, and their attorneys, Mr. Gerard C. Smetana and Mr. Dennis G. Taheny, are hereby ordered to show cause why they should not be assessed sanctions under Fed. R. Civ. P. 11(b)(1)-(2) or attorneys' fees under 42 U.S.C. 1988(b). They should respond to this show cause order on or before October 9, 2001. Mrs. Schmitt should reply on or before October 23, 2001. Her reply should include a listing of expenses incurred as a result of this frivolous litigation. Respondents may respond further if they so choose on or before October 30, 2001.

## CONCLUSION

For the above reasons, we grant Mrs. Schmitt's motion to dismiss for lack of subject matter jurisdiction.[17] It is so ordered.

_____

MARVIN E. ASPEN
United States District Judge

Dated  9/26/01

---

[17]The Court retains jurisdiction solely for the purpose of resolving the issue of sanctions.