Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 4028 | **DATE** | 1/25/2002 |
| **CASE TITLE** | Schmitt, etal vs. Sandra L. Schmitt | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order: Plaintiffs' motions for reconsideration (33-1 & 35-1) are denied. We order Mr. Schmitt, Mr. Smetana, and Mr. Taheny to pay this court $5,000 each for their violations of Rule 11(b). We order Mr. Schmitt and CBC Bricks to pay, respectively, $18,811.02 and $5,016.52 to Mrs. Schmitt to reimburse her for her attorneys' fees under § 1988(b) and her other costs under Rule 54(d)(1). No further motions for reconsideration will be considered in this case. Defendant's motion to dismiss (38-1) is moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JAN 28 2002 | 51 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | 1/25/2002 | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| GL | courtroom deputy's initials | | GL mailing deputy initials | |
| | | Date/time received in central Clerk's Office | | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KIM A. SCHMITT and CBC BRICKS, INC., )
)
               Plaintiffs, )
)
v. ) No. 01 C 4028
)
)
SANDRA L. SCHMITT, )
)
               Defendant. )

**DOCKETED**
**JAN 2 8 2002**

MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, Chief Judge:

Defendant Sandra L. Schmitt ("Mrs. Schmitt") brought divorce proceedings in Illinois state court against her husband, Kim A. Schmitt ("Mr. Schmitt"). The state trial court entered preliminary orders awarding Mrs. Schmitt substantial monthly maintenance fees and enjoining Mr. Schmitt and various business entities which he allegedly owned, including CBC Bricks, Inc. ("CBC Bricks"), from disposing of assets. At both the state trial and appellate court levels, Mr. Schmitt and CBC Bricks argued that the Illinois state courts did not have personal jurisdiction over them because, among other reasons, the method of service of process employed by Mrs. Schmitt violated their right to due process. After the state courts rejected this claim, Mr. Schmitt and CBC Bricks ("Plaintiffs") filed this complaint in federal court under 42 U.S.C. § 1983, alleging violations of their right to due process and seeking a declaratory judgment that all state court orders previously entered were thereby void ab *initio*. Mrs. Schmitt filed a motion to dismiss for lack of subject matter jurisdiction. We granted Mrs. Schmitt's motion and ordered Plaintiffs and their attorneys, Gerard C. Smetana and Dennis G. Taheny, to show cause why they should not be sanctioned and assessed attorneys' fees for filing a frivolous complaint. *See Schmitt v. Schmitt*, 165 F.Supp.2d 789 (N.D.Ill. 2001). Before us now are their responses to this show-cause order as well as separate motions for reconsideration filed by Mr. Schmitt and CBC Bricks. For the following reasons, we deny the motions for reconsideration and we order Plaintiffs and their attorneys to pay sanctions to the court and attorneys' fees to Mrs. Schmitt in amounts detailed below.

## BACKGROUND[1]

On February 4, 2000, Mrs. Schmitt filed for divorce in Illinois state court. Claiming that she was unable to obtain personal service of process upon her husband because he was intentionally evading service, Mrs. Schmitt moved under 735 Ill. Comp. Stat. Ann. 5/2-203.1 for service of process by special order of the court. Illinois Circuit Court Judge Patricia Piper Golden granted the motion on July 13, 2000. Pursuant to 735 Ill. Comp. Stat. Ann. 5/2-202, Mrs. Schmitt then used Terry Vincent, a licensed private detective, to serve process upon three parties approved by the court: Catherine Boness,[2] Stephen Sullivan,[3] and the law firm Pankratz, Riffner, & Scott.[4]

On August 1, 2000, Mr. Schmitt filed a motion contesting service of process, alleging that Mrs. Schmitt's motion for substitute service of process was a "fraud on the court designed to disenfranchise respondent and prevent him from exercising his rights to procedural and substantive due process." Judge Golden denied this motion. On August 2, 2000, Judge Golden issued two preliminary orders: the first required Mr. Schmitt to pay Mrs. Schmitt various amounts for maintenance, landscaping, travel, and attorneys' fees, and the second enjoined Mr. Schmitt and various of his alleged business entities, including CBC Bricks, from disposing of any assets without prior written notice to Mrs. Schmitt and her attorneys. Mr. Schmitt then filed an interlocutory appeal to the Illinois appellate court, claiming that Judge Golden's orders were void because the method of service of process did not satisfy due process requirements. On April 25, 2001, the appellate court held that the method of service of process employed in this case was constitutionally permissible. *See In re Marriage of Schmitt*, 321 Ill.App.3d 360, 747 N.E.2d 524 (Ill.App. 2 Dist. 2001). On May 22, 2001, the appellate court denied Mr. Schmitt's petition for a rehearing and refused his request to stay the trial court proceedings. On

---

[1] This section includes several minor additions and corrections to the procedural history offered in our previous opinion. None of these additions or corrections are material to the outcome in this case.

[2] Ms. Boness is an employee of Bricks, Inc ("Bricks"). Mr. Schmitt admits that he owns Bricks. See Third Am. Compl. ¶ 29.

[3] Mr. Sullivan is an attorney who had previously represented Mr. Schmitt in an unrelated matter.

[4] This law firm had previously represented Mr. Schmitt in an unrelated matter.

June 26, 2001, Mr. Schmitt filed a petition for leave to appeal this decision to the Illinois Supreme Court. See *In re Marriage of Schmitt*, No. 91822 (Ill. 2001). On December 5, 2001, the Illinois Supreme Court denied the petition.

Meanwhile, on May 24, 2001, CBC Bricks filed a motion objecting to the trial court's jurisdiction over it. Judge Golden denied the motion and impounded $160,000 in company funds. CBC Bricks then filed an interlocutory appeal which the state appellate court dismissed on July 18, 2001. See *In re Marriage of Schmitt*, No. 2-01-0566 (Ill. App. Ct. 2 Dist.). CBC Bricks did not ask the Illinois Supreme Court to review this decision.[5]

Finally, on May 31, 2001, Mr. Schmitt filed in federal court the complaint at issue today.[6] Although it was not originally a party to this action, CBC Bricks joined Mr. Schmitt as a plaintiff on July 17, 2001. Although their complaint was not a model of clarity, we discerned the following: Plaintiffs claimed that the Illinois statute providing for service of process by special order of the court[7] is

---

[5]According to CBC Bricks, it did not pursue an appeal because by this time the Illinois Supreme Court had granted Mr. Schmitt's motion to stay all state court proceedings. See Mot. for Recons. (CBC Bricks) ¶ 25.

[6]On June 1, 2001, Mr. Schmitt also filed with Judge Plunkett of the Northern District of Illinois a petition to remove his divorce proceedings from state to federal court. On June 7, 2001, we stayed Plaintiffs' motion to transfer and consolidate the two federal court cases pending Judge Plunkett's ruling on Mrs. Schmitt's motion to remand the divorce proceedings to state court. On June 28, 2001, Judge Plunkett held that there was no federal jurisdiction over this matter and remanded the divorce proceedings to Illinois state court. See *Schmitt v. Schmitt*, No. 01-CV-4087 (N.D.Ill. 2001). Judge Plunkett, although aware of the pending § 1983 action, did not consider it in deciding whether there was federal jurisdiction over the divorce proceedings. Mr. Schmitt appealed, but the Seventh Circuit Court of Appeals held that a remand to state court for lack of subject matter jurisdiction was not reviewable. See *Schmitt v. Schmitt*, No. 01-2782 (7th Cir. 2001). Mr. Schmitt then filed a petition for writ of certiorari with the United States Supreme Court, which the Court recently denied. See *Schmitt v. Schmitt*, 70 U.S.L.W. 3317 (January 7, 2002). The Illinois Supreme Court has stayed all proceedings in state court until the appeal of this federal removal action is final. See *In re Marriage of Schmitt*, No. 91822 (Ill. 2001).

[7]The statute reads as follows:
Service by special order of the court. If service upon an individual defendant is impractical under items (1) and (2) of subsection (a) of Section 2-203, the plaintiff may move, without notice, that the court enter an order directing a comparable method of service. The motion shall be accompanied by an affidavit stating the nature and extent of the investigation made to determine the whereabouts of the defendant and the reasons why service is impractical under items (1) and (2) of subsection (a) of Section 2-203, including a specific statement showing that a diligent inquiry as to the location of the individual defendant was made and reasonable efforts to make service have been

3

unconstitutionally vague in that several words and phrases in the statute (e.g., "impractical," "diligent inquiry," "reasonable efforts," and "comparable method of service") are not explicitly defined. Plaintiffs maintained that Mrs. Schmitt relied on this unconstitutionally vague statute to obtain an order for substitute service of process from the state trial court, and then used either the Kane County sheriff or Terry Vincent, a licensed private detective, to serve process upon the three parties named in the order. Plaintiffs argued that in using a sheriff or licensed private detective to serve process pursuant to an unconstitutionally vague statute, Mrs. Schmitt engaged in state action which ultimately deprived Plaintiffs of their right to due process. Plaintiffs sought to undo the effects of this deprivation by filing a complaint under 42 U.S.C. § 1983 asking for a declaratory judgment that the state trial court did not have personal jurisdiction over them and that all orders entered by that court were therefore void.

Mrs. Schmitt moved pursuant to Fed.R.Civ.P. 12(b)(1) to dismiss the complaint for lack of subject matter jurisdiction. We granted her motion – we found the federal claim to be frivolous, and under the so-called "substantiality doctrine,"[8] federal district courts do not have subject matter jurisdiction over frivolous complaints.[9] *See Schmitt v. Schmitt*, 165 F.Supp.2d at 793-94. Furthermore, we ordered the Plaintiffs and their attorneys to show cause why they should not be

---

unsuccessful. The court may order service to be made in any manner consistent with due process.

735 Ill. Comp. Stat. Ann. 5/2-203.1.

[8]The substantiality doctrine requires a district court to determine before entertaining a federal claim whether the merits are "sufficiently substantial to engage the subject matter jurisdiction of the court." *Gammon v. GC Services L.P.*, 27 F.3d 1254, 1256 (7th Cir. 1994). If the federal claim is either "immaterial and made solely for the purpose of obtaining jurisdiction" or "wholly insubstantial and frivolous," a court must dismiss the claim for lack of subject matter jurisdiction. *Ricketts v. Midwest National Bank*, 874 F.2d 1177, 1180 (7th Cir. 1989) (quoting *Bell v. Hood*, 327 U.S. 678, 682-83 (1946)).

[9]We also offered an alternative grounds for our decision – we found that Plaintiffs were essentially attempting to appeal several adverse state court judgments, but that under the *Rooker-Feldman* doctrine, federal district courts do not have subject matter jurisdiction to review state court decisions. *See Schmitt v. Schmitt*, 165 F.Supp.2d at 794-97. Mr. Schmitt does not seek reconsideration of this alternative holding, but CBC Bricks does. Because we find that the substantiality doctrine offers sufficient grounds to dismiss this complaint, however, we will not reconsider our Rooker-Feldman holding.

4

assessed sanctions under Fed. R. Civ. P. 11(b)(1)-(2) or attorneys' fees under 42 U.S.C. 1988(b) for filing this frivolous complaint. See id. at 797.

Before us now are responses to this show-cause order as well as separate motions for reconsideration filed by Mr. Schmitt and CBC Bricks. Mr. Schmitt argues that we misunderstood his federal claim and asks us to consider an alternative argument. CBC Bricks contends that we misapprehended several important facts which demonstrate that its complaint was not frivolous. For the reasons offered below, we reaffirm our earlier decision and impose sanctions and assess attorneys' fees against Plaintiffs and their attorneys.

## DISCUSSION

### A. Mr. Schmitt's Motion for Reconsideration

Mr. Schmitt claims that we misunderstood his portion of the complaint – he maintains that unconstitutional vagueness was merely an "alternative argument" and not the "principal allegation" in Count One.[10] Mot. for Recons. (Schmitt) ¶ 12. Instead, Mr. Schmitt suggests that his main argument is a bit simpler – Mrs. Schmitt submitted insufficient evidence to warrant the state trial court's order for service by special order of the court.[11] This argument is indeed much simpler, but no less frivolous.

---

[10] We note that the complaint which Mr. Smetana filed on Mr. Schmitt's behalf was poorly drafted and very difficult to understand; unfortunately, this is no less true of the motion for reconsideration. In both instances, we have struggled to construct the most charitable interpretation of Mr. Schmitt's legal claim.

[11] Our interpretation of Mr. Schmitt's new "principal allegation" is based on the following passages in his motion for reconsideration:

> "[W]e ask this Court to closely examine the Statement of Material Facts as it relates to the woefully inadequate attempts to serve Kim Schmitt and the total paucity of any evidence showing evasion of service by Kim Schmitt. Kim Schmitt filed this 1983 Complaint solely because he believed his Fourteenth Amendment Due Process Rights were violated . . . ." Mot. for Recons. (Schmitt) ¶ 8.

> "[T]he essence of the Complaint [is that] the actions of Sandra Schmitt together with the Detective Terry Vincent in seeking to enforce the court's order of July 13 by serving . . . Catherine Boness because she was an employee of a closely held company Bricks Inc., in the absence of any evidence or any effort to pierce the corporate veil. This is the principle [sic] theory of state action in the 1983 complaint." Mot. for Recons. (Schmitt) ¶ 10.

5

Indeed, this argument may be even more frivolous than the first.

The sheer number of defects in this argument suggests the degree of its frivolity. First, the method of service in this case in no way deprived Mr. Schmitt of his right to due process.[12] The Illinois statute authorizes state courts to order service of process by means other than personal service when personal service is found to be impractical. Despite Mr. Schmitt's arguments to the contrary, personal service is not a due process requirement. *See generally Hess v. Pawloski*, 274 U.S. 352 (1927) (upholding service of process by registered mail). Rather, service satisfies due process if it is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). In this case, the state trial court authorized Mrs. Schmitt to serve process upon Ms. Boness, a secretary at one of Mr. Schmitt's businesses, upon the reasonable belief that a secretary would pass these legal documents on to her boss. There is nothing unusual about service in this manner. Indeed, Illinois law specifically provides for substitute service, allowing plaintiffs to serve defendants at their homes by leaving the document with a family member at least 13 years old. *See* 735 ILCS 5/2-203(a)(2). Moreover, for the purposes of service of process upon private corporations, state statutes have long authorized substitute service upon agents of a

---

"We believe that the key paragraph in this Complaint . . . is paragraph 14, in that paragraph we take issue with the action of Sandra Schmitt in submitting the Affidavit of William Bochte [an attorney at the firm representing her] which is in conclusory form . . . and we say therefore in violation of due process . . . . [I]f the Court will examine all the facts there is absolutely no evidence that Kim Schmitt was evading process which is the conclusion to the contrary in the William Bochte Affidavit . . . ." Mot. for Recons. (Schmitt) ¶ 14.

"[T]he purpose of filing this case is to rectify the fact that there was not a proper predicate for the Substitute Service Order supported by not one iota of evidence that Kim Schmitt was evading service." Mot. for Recons. (Schmitt) ¶ 18.

"The principal argument is that the Substitute Service Order was improperly grounded upon an Affidavit of Mr. Bochte which did not demonstrate in any way that Kim Schmitt was evading service, nor did it point to any evidence showing that any effort was really made to actually serve Kim Schmitt."Mot. for Recons. (Schmitt) ¶ 20.

[12]We discuss the merits of the constitutional claim here only to demonstrate the frivolousness of the complaint.

corporation, including secretaries. See, e.g., 735 ILCS 5/2-204 (service of process on a private corporation is valid if made on "any officer or agent of the corporation"); Millard v. Castle Baking Co., 161 N.E.2d 483 (Ill.App.Ct. 1 Dist. 1959) (secretary may be agent of corporation for purpose of receiving service of process on its behalf). See also A-Z Equip. Co. v. *Moody*, 410 N.E.2d 438, 441 (Ill.App.Ct. 4 Dist. 1980) (service upon "secretary on duty" of company is valid service upon the owner of the company). Service upon Ms. Boness was reasonably calculated to apprise Mr. Schmitt and other interested parties of the pendency of the action and to afford them an opportunity to present their objections – indeed, that both Mr. Schmitt and CBC Bricks appeared in the state trial court to present their objections to the court's jurisdiction demonstrates this fact. Mr. Smetana should have known that this constitutional argument was meritless.

Second, Mr. Schmitt made this same constitutional argument to both the state trial and appellate courts and lost; he then asked us to review these adverse state court decisions. The *Rooker-Feldman* doctrine, however, generally prohibits federal district courts from engaging in appellate review of state court decisions.[13] See *Leaf v. Supreme Court of Wisconsin*, 979 F.2d 589, 598 (7th Cir. 1992) (Rooker-Feldman "precludes parties from raising in federal district court claims that were reviewed by the state court"). Under 28 U.S.C. § 1257, only the Supreme Court has appellate jurisdiction over the decisions of state courts, Garry v. *Geils*, 82 F.3d 1362, 1365 (7th Cir. 1996), so "litigants who feel a state proceeding has violated their constitutional rights must appeal that decision through their state courts and thence to the Supreme Court." *Young v. Murphy*, 90 F.3d 1225, 1230 (7th Cir. 1996). Mr. Schmitt challenged the constitutionality of service of process in the state courts, and he lost. In this situation, he had only one further recourse – appeal to the Illinois Supreme Court and then to the United States Supreme Court. He could not, however, appeal this decision to the lower federal courts, and Mr. Smetana should have known this.

---

[13]One exception to this general rule is habeas corpus – under 28 U.S.C. § 2241, lower federal courts are specifically authorized to engage in collateral review of state court judgments. *Garry v. Geils*, 82 F.3d 1362, 1365 n4 (7th Cir. 1996).

7

Third, while pursuing this federal litigation, Mr. Schmitt petitioned the Illinois Supreme Court for leave to appeal these adverse lower court decisions. See *In re Marriage of Schmitt*, No. 91822 (Ill. 2001). Principles of federalism and comity, however, generally require a federal district court to abstain from hearing any federal claims until ongoing state proceedings on the same issue are completed. See Pennzoil Co. v. Texaco Inc., 481 U.S. 1 (1987); *Owens-Corning Fiberglas Corp. v. Moran*, 959 F.2d 634, 635-36 (7th Cir. 1992); Lynk *v. LaPorte Superior Court No. 2*, 789 F.2d 554, 563-566 (7th Cir. 1986). Mr. Smetana should have known that simultaneously pursuing litigation on the same issue in state and federal court is generally not permitted.

Fourth, we fail to see how Mrs. Schmitt is the proper party in this case. Mr. Schmitt believes that Mrs. Schmitt submitted insufficient evidence to warrant substitute service of process, but even if this were true, her action was without legal consequence absent the state trial court judge's order. Mr. Schmitt's real dispute, then, is with the state trial court judge who relied upon the allegedly insufficient evidence.[14] Apparently understanding that this would likely be a fruitless claim, Mr. Smetana pursued what he should have realized was an equally meritless claim against Mrs. Schmitt.[15]

Fifth, even if service did violate his right to due process, there is reason to doubt whether Mr. Schmitt has yet suffered the deprivation of a federally-protected right necessary to sustain a § 1983 claim. Where the source of the alleged injury is an adverse state court ruling (and the real injury here was caused by the state court decisions authorizing substitute service of process and asserting personal jurisdiction over Mr. Schmitt), no deprivation has occurred until the state court judgment has become final. See *Lynk v. LaPorte Superior Court No. 2*, 789 F.2d at 560 (citing Brown *v. Brienen*,

---

[14] Indeed, in a emergency supplement to their briefs, Plaintiffs argue that Mitchum *v. Foster*, 407 U.S. 225 (1972), in which the Supreme Court held that a § 1983 plaintiff could, in limited circumstances, seek injunctive relief against state judicial officials, is "dispositive of the case." See Joint Emer. Mot. to Supp. Mot. for Recons. ¶ 2. However, M*itchum* would only be relevant if Plaintiffs had brought their claim against the state *judge*. Instead, Plaintiffs brought their claim against Mrs. Schmitt; how Mitchum is relevant to the claim against her is a mystery.

[15] Mr. Schmitt might have had a claim if he had alleged a conspiracy between Mrs. Schmitt and the state trial court judge, but he has totally disclaimed this argument. *See* Mot. for Recons. (Schmitt) ¶ 6 ("No where in this Complaint does Kim Schmitt predicate its state action upon actions of the State Court Judge.").

8

722 F.2d 360, 366 (7th Cir. 1983)). Therefore, while a state court action is in progress, whether at the trial or appellate level, a federal challenge to any state court ruling is premature. In this case, concurrent with his federal litigation, Mr. Schmitt pursued appeals in the Illinois state courts on the issue of personal jurisdiction. Mr. Smetana should have known that Mr. Schmitt had not yet suffered the deprivation necessary to support a § 1983 claim.

Mr. Schmitt also asks us to reconsider our void-for-vagueness conclusion. He claims that the Illinois statute governing service of process by special order of the court "impermissibly delegates basic policy matters . . . on an ad *hoc* and subjective basis" to state trial court judges and should therefore be declared void. See Mot. For Recons. (Schmitt) ¶ 11 (quoting Hoffman *Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 498 (1982)). The Seventh Circuit has indicated that the void-for-vagueness doctrine "is successfully invoked only in cases in which a vague statutory term either has an in *terrorem* effect or licenses uncabined discretion by policy or other public officers, thus inviting abuse." L C & S, Inc. v. Warren County Area Plan Comm'n, 244 F.3d 601, 605 (7th Cir. 2001). The Illinois statute does not, however, license uncabined discretion by state judges. Although the statute asks state judges to determine whether personal service is "impractical" after "reasonable efforts" have been made to do so and to devise a "comparable method of service," these phrases do not give judges uncabined discretion. Just the opposite, in fact – these phrases provide judges with standards by which to determine whether special service is appropriate, standards developed through and governed by Illinois common law. Nor does the fact that these phrases are not more specifically defined make the statute unconstitutionally vague – judges and juries make similar determinations every day in every area of the law.

Mr. Schmitt has clearly been disappointed with the direction of the state court proceedings and has filed this suit against Mrs. Schmitt in an attempt to end run the state courts. Indeed, this fact is clear from his fruitless attempt to remove the divorce proceedings from state to federal court. The substantiality doctrine, however, "retards efforts by plaintiffs to recast what are really state-law claims as federal claims." *Crowley Cutlery Co. v. United States*, 849 F.2d 273, 277 (7th Cir. 1988). Because Count One was frivolous and made solely for the purpose of obtaining federal jurisdiction, this

9

Court correctly dismissed it for lack of subject matter jurisdiction. Mr. Schmitt's motion for reconsideration is therefore denied.

C. CBC Bricks's Motion for Reconsideration

CBC Bricks claims that we gave its portion of the complaint short shrift in our earlier opinion. Count Two, CBC Bricks maintains, sets forth a number of reasons why the state trial court's impoundment of $160,000 in company funds was improper. First, it maintains that since it was not a party to the divorce action and it never received service of process, Judge Golden did not have jurisdiction to impound company funds.[16] See Mot. for Recons. (CBC Bricks) ¶¶ 9-10. Second, it claims that since the state appellate court had not yet transmitted its mandate back to the trial court after denying an earlier appeal in the case by Mr. Schmitt, Judge Golden did not have jurisdiction to enter this order. See Mot. for Recons. (CBC Bricks) ¶¶ 12-15, 19. Third, it alleges that before impounding these funds Judge Golden failed to determine whether the company was a marital asset[17] and whether the funds were outside the ordinary course of business as required by 750 ILCS 502(a)(2). See Mot. for Recons. (CBC Bricks) ¶¶ 20, 22. CBC Bricks claims that it was unable to pursue these arguments in state court because the Illinois Supreme Court granted Mr. Schmitt's motion to stay the state proceedings until the federal removal proceedings were completed. See Mot. for Recons. (CBC Bricks) ¶ 25. With no immediate recourse in state court, only then did CBC Bricks join Mr. Schmitt's federal suit against Mrs. Schmitt. See Mot. for Recons. (CBC Bricks) ¶ 34.

While we did not directly address this argument in our previous opinion, the reason is simple – the argument is so patently frivolous that we did not feel required to do so. CBC Bricks obviously feels otherwise, however, so we will now briefly address Count Two.

---

[16]In our earlier opinion, we concluded that CBC Bricks was a party to the divorce action. See Schmitt v. Schmitt, 165 F.Supp.2d at 795-96. The company now cites authority suggesting that this conclusion was incorrect. See Mot. for Recons. (CBC Bricks) ¶ 10. We will not revisit this question, however, because its resolution does not alter our conclusion that Count Two was properly dismissed as frivolous.

[17]CBC Bricks claims that its owner is Lois Schmitt, Mr. Schmitt's mother. See Mot. for Recons. (CBC Bricks) ¶ 32.

Although Count Two is replete with complaints about Judge Golden, it utterly fails to state a claim against Mrs. Schmitt. CBC Bricks complains of "constitutional denial of due process, equal protection and property rights," Third Am. Compl. ¶ 47, but all of these alleged constitutional deprivations are a result of actions taken by Judge Golden, not Mrs. Schmitt. CBC Bricks' problems with Judge Golden cannot be remedied in a federal suit against Mrs. Schmitt.

CBC Bricks claims, however, that it had no recourse but to pursue a federal lawsuit because the Illinois Supreme Court granted Mr. Schmitt's motion to stay the state court divorce proceedings until the resolution of the federal removal action. Although it was unfortunate that Lois Schmitt, the alleged owner of CBC Bricks, had her state court legal remedies blocked because of the frivolous attempt by her son to remove his divorce proceedings to federal court, her legal remedy was most assuredly not a federal suit against her son's estranged wife. Now that the United States Supreme Court has finally ended her son's bizarre quest to remove his divorce to federal court, Lois Schmitt will be free to appeal Judge Golden's order.

Because Count Two was frivolous and concocted solely for the purpose of obtaining federal jurisdiction, this Court correctly dismissed it for lack of subject matter jurisdiction. CBC Bricks' motion for reconsideration is therefore denied.

D. Sanctions

In submitting a pleading to the court, an attorney represents that it is not being used for an "improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation" and that the claims therein are "warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law." Fed.R.Civ.P. 11(b)(1)-(2). If the court determines that Rule 11(b) has in fact been violated, it may impose sanctions against both the offending parties and their lawyers. See Fed.R.Civ.P. 11(c) (court may impose sanctions against attorneys or parties for violations of 11(b)). These sanctions must be limited to "what is sufficient to deter repetition of such conduct." Fed.R.Civ.P. 11(c)(2). Where, as here, the court imposes sanctions on its own initiative, the sanction may include "directives of a nonmonetary nature

[or] an order to pay a penalty into court," id., but monetary sanctions cannot be awarded for violations of Rule 11(b)(2) against a represented party. See Fed.R.Civ.P. 11(c)(2)(A).

In our earlier opinion, this court on its own motion ordered Plaintiffs and their attorneys to show cause why they should not be sanctioned and assessed attorney's fees for filing this frivolous complaint. After reviewing their filings, we find that Mr. Smetana, Mr. Taheny, and Mr. Schmitt have violated Rule 11(b). We believe that Mr. Smetana and Mr. Taheny should have known that the legal arguments they were making were without legal foundation and therefore violated Rule 11(b)(2). Indeed, the complaint is so obviously deficient that one must infer that Mr. Schmitt pursued this litigation solely for the purpose of harassing his estranged wife and imposing increased legal costs upon her in violation of Rule 11(b)(1). We have spent many needless hours on this frivolous case to the detriment of the speedier disposition of other federal litigation. Therefore, in order to deter them from any such future misconduct, we order Mr. Schmitt to pay this court $5,000 for his violation of Rule 11(b)(1), and we order Mr. Smetana and Mr. Taheny to pay this court $5,000 each for their violations of Rule 11(b)(2). However, we decline to impose sanctions upon CBC Bricks. Although its attempt to pursue litigation in the federal courts was misguided, it has offered a reasonable explanation for why it did so, namely that its access to state court appellate review was blocked. We therefore do not conclude that its action was designed to "harass or to cause unnecessary delay or needless increase in the cost of litigation." Fed.R.Civ.P. 11(b)(1).

### E. Attorneys' Fees and Costs

In addition to costs, see Fed.R.Civ.P. 54(d)(1), a prevailing defendant in a § 1983 case may be awarded attorneys' fees under 42 U.S.C. § 1988(b) if the plaintiff's claim was "'frivolous, unreasonable, or groundless.'" *Hershinow v. Bonamarte*, 772 F.2d 394, 395 (7th Cir. 1985) (quoting Christianburg *Garment Co. v. Equal Employment Opportunity Comm'n*, 434 U.S. 412, 422 (1978)). In making such an award, the court must be mindful of the potential chilling effect such an award might have on civil rights plaintiffs. *Id.* Nonetheless, the court may award such fees where a claim is found to be "'groundless or without foundation.'" Id. (quoting Christianburg, 434 U.S. at

12

421). This opinion has already shown that Plaintiffs' claims meet these strict standards – their claims lacked any reasonable legal foundation. Therefore, we order Plaintiffs[18] to reimburse Mrs. Schmitt for the unwarranted legal costs, including attorneys' fees, which she incurred defending against their § 1983 claims in this court.

According to her filings, Mrs. Schmitt's attorney billed her $23,527.54 to defend this action ($19,095.00 in fees and $4,432.54 in other costs). *See* Reply to Resp. to Show Cause, Ex. G. Plaintiffs offer us no reason to question this amount. Since CBC Bricks did not join the complaint until July 17, 2001, Mr. Schmitt must pay all costs incurred before this date ($10,102.50 in fees and $3,391.99 in other costs), while Plaintiffs will split evenly all costs incurred on and after this date ($8,992.50 in fees and $1,040.55 in other costs). *See id.* We therefore order Mr. Schmitt and CBC Bricks to pay, respectively, $18,511.02 and $5,016.52 to Mrs. Schmitt.

## CONCLUSION

Plaintiffs' motions for reconsideration are denied. We order Mr. Schmitt, Mr. Smetana, and Mr. Taheny to pay this court $5,000 each for their violations of Rule 11(b). We order Mr. Schmitt and CBC Bricks to pay, respectively, $18,511.02 and $5,016.52 to Mrs. Schmitt to reimburse her for her attorneys' fees under § 1988(b) and her other costs under Rule 54(d)(1). No further motions for reconsideration will be considered in this case. It is so ordered.

MARVIN E. ASPEN
United States District Judge

Dated 1/25/02

---

[18]Section 1988(b) authorizes courts to assess fees only against parties, not their attorneys. *See Hamer v. County of Lake*, 819 F.2d 1362, 1370 (7th Cir. 1987) (citing Roadway *Express, Inc. v. Piper*, 447 U.S. 752, 761 (1980)).

13